UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

KEISHA R. FITTS,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )    Case No. 4:25-cv-1648-GMB
                                          )
FRANK BISIGNANO, Commissioner             )
of Social Security,                       )
                                          )
        Defendant.                        )

## MEMORANDUM OPINION

On February 25, 2020, Plaintiff Keisha R. Fitts filed an application for supplemental security income ("SSI") with an alleged disability onset date of January 7, 2010. Fitts' application was denied at the initial administrative level and upon reconsideration. She then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing and denied Fitts' claim. Fitts requested a review of the decision by the Appeals Council, which declined review. Fitts appealed to the United States District Court for the Northern District of Alabama. *Fitts v. Comm. of Soc. Security*, 4:22-cv-1609-ACA. Upon motion of the Commissioner, the court reversed and remanded the decision for a new hearing. *Fitts v. Comm. of Soc. Security*, 4:22-cv-1609-ACA.

The Appeals Council then remanded the case to the ALJ with specific instructions to address and correct certain errors. The ALJ held a second hearing

and again denied Fitts' claim.  Fitts filed written exceptions with the Appeals Council, and the Appeals Council denied review on July 22, 2025.  As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner") as of July 22, 2025.

Fitts' case is now before the court for review pursuant to 42 U.S.C. § 1383(c)(3).  Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 11.  Based on a review of the parties' submissions, the relevant law, and the record as a whole, the decision of the Commissioner is due to be reversed and remanded.

## I.  STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991).  The

---

[1] In general, the legal standards are the same whether a claimant seeks disability insurance benefits ("DIB") or SSI.  However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates.  The same applies to citations for statutes or regulations found in excerpted court decisions.

court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the [Commissioner's] factual findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).  The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)).  The requisite evidentiary showing is "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) ("The Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Fitts bears the burden of proving that she is disabled and is responsible for producing evidence sufficient to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-

4

step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

(1) Is the claimant presently unable to engage in substantial gainful activity?
(2) Are the claimant's impairments severe?
(3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
(4) Is the claimant unable to perform her former occupation?
(5) Is the claimant unable to perform other work given her residual functional capacity, age, education, and work experience?

*See Frame v. Comm., Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015). "An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability.  A negative answer to any question, other than [at] step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)–(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the [Commissioner] to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985)).

### III.  RELEVANT FACTUAL BACKGROUND

Fitts was 35 years old when she filed her application for SSI. R. 2193.  She has limited education, primarily in special education, and no past relevant work. R. 211, 2193.  She alleges disability due to borderline personality disorder, bipolar

disorder, anxiety, social phobia, hearing loss, heart palpitations, post-traumatic stress disorder, pancreatitis, schizophrenia, and a pinched nerve in her back. R. 209.

Fitts has spent hundreds of days receiving inpatient psychiatric care since 2015.[2] R. 390–467, 481–89, 519–23, 604–11, 622–25, 678–80, 707–13, 2794–804. She also spent 24 days in inpatient psychiatric care during the claims period. R. 1234–46, 1273–1302, 1361–63, 1731–38, 3055–57.  In addition, Fitts had numerous emergency room visits for psychiatric issues, including but not limited to treatment for major depressive disorder, suicidal ideology, and hallucinations. R. 557–64, 575–81, 639–46, 880–84, 1081–86, 1410–17, 2959–64, 3170–78.

The ALJ issued her decision on August 13, 2024. R. 2195.  Under step one of the five-step evaluation, she found that Fitts had not engaged in substantial gainful activity since February 25, 2020, the application date. R. 2182.  At step two, the ALJ concluded that Fitts suffers from the following severe impairments: major depressive disorder with psychosis, anxiety, post-traumatic stress disorder, schizoaffective disorder, intellectual disability, and substance abuse disorder. R. 2182.  The ALJ noted that the medically determinable impairments cause significant limitations in Fitts' ability to perform basic work activities. R. 2182.  At step three, the ALJ found that Fitts does not have an impairment or combination of impairments that meets or

---

[2] The record also reflects multiple inpatient psychiatric hospitalizations dating to 2010. R. 468–69, 718–44.

medically equals the severity of one of those listed in the applicable regulations. R. 2185–87.

Before proceeding to the fourth step, the ALJ determined that Fitts had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [S]he would be able to understand, remember, and carry out simple instructions and tasks, she can tolerate changes in the workplace that are infrequent and gradually introduced, and she can have occasional work-related interaction with supervisors and co-workers, and no interaction with the general public.

R. 2187–88.  At the fourth step, the ALJ determined that Fitts has no past relevant work. R. 2193.  At the fifth step, the ALJ considered Fitts' age, marginal education, work experience, and RFC in determining that there are jobs that exist in significant numbers in the national economy that she can perform, including work as a hand packager, marker, and routing clerk. R. 2193–94.  Therefore, the ALJ concluded that Fitts was not disabled as defined by the Social Security Act since February 25, 2020, the date of the application. R. 2194.  Based on these findings, the ALJ denied Fitts' application. R. 2195.

## IV.  DISCUSSION

Fitts makes four arguments in support of remand.  First, she argues that the ALJ's decision is not supported by substantial evidence in light of her frequent psychiatric hospitalizations and emergency department visits. Doc. 14 at 31–41.

7

Second, she contends that the ALJ did not consider her barriers to treatment as required by Social Security Regulations ("SSR") 16-3p and 18-3p. Doc. 14 at 42–46. Next, she argues that the ALJ failed to follow SSR 13-2p and 20 C.F.R. § 416.935 when faulting her for her substance abuse. Doc. 14 at 46–47. Finally, Fitts contends that the Appeals Council erred when it denied review. Doc. 14 at 47–52. Because the court agrees that Fitts' first argument requires remand, it does not address her other arguments.

One part of Fitts' first argument is the claim that the ALJ's conclusory finding that she does not meet the Paragraph C criteria is not supported by substantial evidence. Doc. 14 at 32–36. She argues that the ALJ failed to consider whether she meets the criteria "in light of the many psychiatric hospitalizations and persistent health struggles despite great amounts of varied (and ultimately unsuccessful) treatment." Doc. 14 at 36. The Commissioner does not respond to this argument.[3] *See* Doc. 17.

Section 12.00 sets out the listings for mental disorders arranged in eleven diagnostic categories. Four categories are relevant here: spectrum and other

---

[3] In most cases, "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such an argument or claim abandoned." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014). Some courts apply this rule to Social Security Appeals. *See Kenner v. Berryhill*, 316 F. Supp. 3d 530, 538–39 (D.D.C. 2018); *Tracey N. v. King*, 2025 WL 416824 at *3 (N.D. Ill. Feb. 6, 2025); *Jeffrey C. v. Kijakazi*, 2023 WL 4760603 at *3 (D. Or. July 26, 2023). As Fitts admits (Doc. 20 at 5), however, courts in the Eleventh Circuit ordinarily have not applied this rule to Social Security appeals. Without guidance from the Eleventh Circuit, the court will not adopt the abandonment rule in this appeal.

psychotic disorders (12.03); depressive, bipolar and related disorders (12.04); anxiety and obsessive-compulsive disorders (12.06); and trauma- and stressor-related disorders (12.15). 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00.   These listings consist of (1) a statement describing each disorder; (2) paragraph A criteria, which are a set of necessary medical findings; and (3) paragraph B criteria, which are four categories of impairment-related functional limitations. *Id*.  These listings also incorporate Paragraph C criteria designed to evaluate "serious and persistent mental disorders." *Id*.  The Paragraph C criteria are an alternative to the Paragraph B criteria, meaning that the claimant must satisfy the criteria of either Paragraphs A and B or Paragraphs A and C to meet these listings. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x I, § 12.00(E)–(G).

A claimant bears the burden of proving that she meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991).  "To meet a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (quotation marks omitted).  "To equal a listing, the medical findings must be at least equal in severity and duration to the listed findings." *Id*.  According to the Eleventh Circuit, "[w]hile Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the

9

evidence leading to [his or her] determination." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986) (citation omitted); *see also Flemming v. Comm. of the Soc. Sec. Admin.*, 635 F. App'x 673, 676 (11th Cir. 2015).

To meet the requirements of Paragraph C, a plaintiff must meet three criteria. First, she must show that her "mental disorder . . . is 'serious and persistent,' that is, [she] ha[s] a medically documented history of the existence of the disorder over a period of at least 2 years." 20 C.F.R. Part 404, Subpart P, App'x 1, § 12.06C. Second, she must present evidence of "[m]edical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs or [her] mental disorder." *Id.*  Third, she must produce evidence of "[m]arginal adjustment," defined as "minimal capacity to adapt to changes in [her] environment or to demands that are not already part of [her] daily life." *Id.*  A companion regulation adds that the SSA will consider a claimant to have shown only marginal adjustment "when the evidence shows that changes or increased demands have led to exacerbation of [her] symptoms and signs and to deterioration in [her] functioning; for example, [she has] become unable to function outside of [her] home or a more restrictive setting, without substantial psychosocial supports[.]" 20 C.F.R. Part 404, Subpart P, App'x 1, § 12.00G2.

Here, the ALJ found that "the evidence fails to establish the presence of the paragraph C criteria." R. 2186.  To support this finding, she stated in full:

> There is no evidence that the claimant's mental problems are serious and persistent as defined at 12.00G2. There is no evidence to support you rely, on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a sightly structured setting(s), to diminish the symptoms and signs of your mental disorder as defined in 12.00G2b. In addition, there is no evidence that despite your diminished symptoms and signs, you have achieved only marginal adjustment as defined in 12.00G2c.

R. 2186.

This assessment of the Paragraph C criteria is minimal at best and gives the court precise little explanation of the reasons for the ALJ's findings. Instead, it is a boilerplate recitation of the appropriate standards with the insertion of "there is no evidence" before each requirement. There is no citation to the record to support of any finding. This lack of explanation and citation to the record deprive the court of the ability to determine whether substantial evidence supports the ALJ's Paragraph C findings.

This being said, the court must look beyond this paragraph and examine the ALJ's decision as a whole to see whether substantial evidence supports the Paragraph C determination. *See Raper v. Comm. of Soc. Sec.*, 89 F.4th 1261, 1275 (11th Cir. 2024) (holding that "it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses") (citations omitted). But the ALJ's analysis elsewhere adds only confusion to her Paragraph C findings. For example, the ALJ noted Fitts' years-long history of mental health treatment but did not explain how that extensive treatment

falls short of the first prong of the Paragraph C requirements.  And while the ALJ discounts much of Fitts' inpatient and outpatient treatment because of her drug use, there is no explanation of how substance abuse impacts the requirements of Paragraph C.  Likewise, the ALJ discussed the findings of various examinations in the context of Fitts' daily functioning but did not explain how those findings demonstrate more than marginal adjustment when considering her frequent psychiatric treatment during the relevant time period.  Without more explanation from the ALJ, it is difficult (if not impossible) to review the Paragraph C findings when there is conflicting evidence on whether Fitts satisfies the criteria.

An ALJ's failure "to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.  The ALJ's discussion of the Paragraph C criteria is lacking in detail and her overall analysis does not allow the court to make a substantial-evidence finding.  In short, the ALJ's opinion prevents the court from engaging in a meaningful review of her conclusion that the evidence did not satisfy Paragraph C. On remand, the ALJ should substantively discuss whether Fitts meets the Paragraph C criteria.

## V.  CONCLUSION

For these reasons, the court concludes that the decision of the Commissioner is due to be reversed and remanded for further proceedings consistent with this

memorandum option.  An order remanding the case to the Commissioner will be entered separately.

DONE and ORDERED on July 16, 2026.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE